BEATRICE A. LOPEZ

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY


PETITION FOR REMOVAL
UNDER 28 U.S.C. § 14441(B)


Exhibit "A"
Complaint

Pages 1 - 15

Electronically Filed
6/14/2018 5:58 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
EDWARD J. ACHREM & ASSOCIATES
Edward J. Achrem, Esq.
Nevada Bar No. 2281
512 South Tonopah, Ste. 100
Las Vegas, Nevada 89106
Phone: (702) 734-3936
Counsel for Plaintiff


RECEIVED
JUL 09 2018
DIVISION OF INSURANCE
STATE OF NEVADA

DISTRICT COURT

CLARK COUNTY, NEVADA

BEATRICE A. LOPEZ,
an individual

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation, DOES I-X and ROE
CORPORATIONS I-X, inclusive

Defendants.

CASE NO.: A-18-776181-C
DEPT NO.: Department 17

## COMPLAINT

Plaintiff, BEATRICE LOPEZ, by and through the firm of EDWARD J. ACHREM & ASSOCIATES, LTD., hereby alleges the following causes of action against the above Defendant.

### GENERAL ALLEGATIONS

1. Plaintiff, BEATRICE LOPEZ is, and at all times herein mentioned was, a resident of Clark County, State of Nevada.

2. Plaintiff is further informed and believes, and thereon allege, that Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") was at all times herein mentioned, a foreign corporation, which was also doing business in Clark County, Nevada. Plaintiff alleges that State Farm was the

1

Edward J. Ahrem & Associates
512 South Tonopah Dr., Suite 100 • Las Vegas, Nevada 89106
(702) 734-3936 • Fax (702) 734-7799

1. insurance carrier for her uninsured and underinsured motorist coverage benefits, as well as her medical payment coverage benefits. Because State Farm was doing business in Clark County, Nevada, and Plaintiff's vehicle was involved in a collision while on public roads in Clark County, Nevada, State Farm has subjected itself to the jurisdiction of this Court.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES I through X, and ROE CORPORATIONS I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is further informed and believes that one or more of the parties which may be responsible for some portion of the damages being sought by Plaintiff as a result of a rear end collision that occurred on July 19, 2016 in Las Vegas, Nevada, may also include other persons, corporations, or other unknown entities, the identities of which have not yet been determined. Because such names are currently unknown, Plaintiff has collectively listed all of the above persons and entities as DOE Defendants and ROE CORPORATIONS Defendants and will seek leave of Court to amend this Complaint to allege their true names and capacities when they have been ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner described herein and that Plaintiff's damages were proximately caused by such conduct.

5. Plaintiff is informed and believes, and thereon alleges,

2

that at all times herein mentioned, Defendant(s) were the agents, servants, partners, affiliates and/or employees of each and every other Defendant and, in doing the things hereinafter alleged, were acting within the course and scope of their agency, partnership, affiliation and/or employment.

## I
## FIRST CAUSE OF ACTION
## (Breach of Contract)

6. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 5 of her Complaint as though set forth in full herein, and incorporates them by reference.

7. Prior to the collision, automobile insurance coverage had previously been purchased from State Farm for the vehicle Beatrice was driving at the time of the collision. From the time the insurance policy was first purchased from State Farm, each and every premium had been paid in a timely manner and Beatrice was fully covered by that policy at the time of the collision.

8. In accordance with the terms of the above policy, State Farm provided collision insurance, including uninsured and underinsured ("UM/UIM") benefits, with $25,000/$50,000 coverage limits available for this collision.

9. Following the collision, Beatrice promptly reported the claim to State Farm and requested that coverage be provided for her injuries, ongoing medical care and continued treatment. As the costs of such care continued to increase, and pursuant to the terms of the insuring agreement, State Farm was required,

3

among other things, (i) to fairly and timely evaluate the Plaintiff's injuries; (ii) to determine the extent and permanency of those injuries; (iii) to calculate the past and future medical bills and treatment Beatrice would likely require; (iv) to consider and continue to evaluate her lost wages, benefits and the value and quality of her time; (v) to unconditionally tender the undisputed portion of the UM/UIM policy; and (vi) to fully and fairly compensate the Plaintiff for the injuries that were sustained, up to the 25/50 UM/UIM coverage limits.

10. Plaintiff contends that State Farm materially breached the terms of the insuring agreement by failing, among other things, (i) to fairly and timely evaluate her injuries; (ii) to determine the extent and permanency of those injuries; (iii) to calculate the past and future medical bills and treatment Beatrice would likely require; (iv) to consider and continue to evaluate her lost wages, benefits and the value and quality of her time; (v) to unconditionally tender the undisputed portion of the UM/UIM policy; and (vi) to fully and fairly compensate the Plaintiff for the injuries that were sustained, up to the 25/50 UM/UIM coverage limits.

11. Since the time of the collision, and despite repeated demands on behalf of the Plaintiff, the submission of comprehensive damage statements on the Plaintiff's behalf, reasonable cooperation by the Plaintiff, timely responses to State Farm requests, and the disclosure of Beatrice's ongoing

4

1  medical and related bills, State Farm has continued to
2  materially breach the insuring agreement and has only offered a
3  small fraction of what the Plaintiff's injury claims are
4  actually worth, which State Farm has presented on a take-it-or-
5  leave it basis.
6  12. As a direct and proximate result of Defendant State Farm's
7  material breach of the insuring agreement in the manner
8  described above, Plaintiff has been generally and specially
9  damaged, in the same manner previously set forth in the causes
10 of action above, in a sum in excess of Ten Thousand Dollars
11 ($10,000.00) and will seek leave of Court to amend when these
12 amounts have been fully and finally ascertained.
13 13. As a further direct and proximate result, and in addition
14 to other available sums, Plaintiff is further entitled under NRS
15 99.040 to collect interest under the insuring agreement at the
16 statutory rate on all uninsured and/or underinsured benefit
17 payments from the date such payments first became due and owing
18 to the Plaintiff. When the amount of such damages has been
19 fully and finally ascertained, Plaintiff will seek leave of the
20 Court to amend this Complaint accordingly.

## II
## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 13 of her Complaint as though set forth in full herein, and incorporate them by reference.

15. In addition to the $25,000 UM/UIM motorist coverage,

5

Plaintiff's insurance policy also included medical payment coverage benefits in the amount of $10,000.

16. Plaintiff first put State Farm on notice of the uninsured claim that gave rise to this action on 10/26/16. A formal demand was thereafter submitted to State Farm on 2/3/17.

17. On 2/3/17, Plaintiff submitted (i) a $2,600.00 property damage estimate, (ii) medical expenses that were already in excess of $20,000.00, (iii) at least $53,000.00 in estimated future medical treatment, and (iv) an MRI of her neck, which revealed at a herniated disc, as well as multiple disc bulges at other levels of her neck.

18. On 3/7/17, State Farm unreasonably offered $750.00 to globally settle the Plaintiff's claim. State Farm did not set forth the basis for its evaluation, or the particular provisions contained in the policy upon which its determination had been based. Upon information and belief, Plaintiff further asserts that State Farm did not have her injuries, diagnostic studies, or medical records reviewed by a licensed physician prior to submitting its settlement offer.

19. On 3/23/17, Plaintiff resubmitted her property damage estimate to State Farm's insurance adjuster and renewed her request for the policy limits.

20. On 4/13/17, the State Farm adjuster told the Plaintiff to provide him with photographs of the vehicle so State Farm could re-evaluate its offer. The Plaintiff promptly complied.

21. On 4/21/17, Plaintiff complied with that request and renewed

6

her request that State Farm tender the full policy limits.

22. On 5/4/17, 5/16/17, and 5/31/17, Plaintiff sent additional medical records and invoices for medical treatment she had continued to receive for her neck and again renewed her request for the full policy limits so that she could continue receiving additional medical treatment for her injuries.

23. On 11/30/17, Plaintiff submitted another demand to State Farm, with additional billings for medical treatment she had continued to receive as a result of the incident.

24. On 12/05/17, State Farm told the Plaintiff it now wanted billings from two other providers.

25. On 12/20/17, Plaintiff provided the requested billing and medical records to State Farm.

26. On 12/22/17, State Farm told the Plaintiff it now wanted a copy of the MRI of Plaintiff's shoulder, so that it could evaluate her claim.

27. On 1/10/18, State Farm unreasonably offered $5,000.00 to globally settle the Plaintiff's claim. Upon information and belief, Plaintiff further asserts that State Farm did not have her injuries, diagnostic studies, or medical records reviewed by a licensed physician prior to submitting its settlement offer.

28. On 2/14/18, Plaintiff submitted (i) an MRI of her shoulder, (which evidenced a tear); and (ii) a written submission from a board certified orthopedic surgeon, stating that the Plaintiff required future medical treatment and that the estimated costs would be in excess of $50,000.00.

7

29. On 2/16/18, State Farm asked if the Plaintiff was still treating; if she had reached maximum medical improvement; and that she execute a medical release for her records.

30. On 4/5/18, Plaintiff provided State Farm with a signed medical release, as well as an updated letter indicating the future medical treatment protocol for her right shoulder.

31. On 4/9/18, State Farm unreasonably offered $5,000.00 to globally settle the Plaintiff's claim, despite full compliance with every one of its adjuster's requests, receipt of the Plaintiff's MRI, updated medical billings, and a detailed assessment of her future medical treatment. Upon information and belief, Plaintiff further asserts that State Farm did not have her injuries, diagnostic studies, or medical records reviewed by a licensed physician prior to submitting its settlement offer.

32. At all times mentioned herein, Plaintiff fully complied with the terms of the insurance policy, and reasonably cooperated with State Farm, providing everything its adjuster had requested over the course of many months, plus additional uncontroverted medical evidence that detailed her present and future medical treatment, and its direct relationship to the original motor vehicle incident.

33. At all times mentioned herein, Defendant State Farm was an insurer in the State of Nevada and owed a continuing duty to Plaintiff to handle her claims consistent with the implied covenant of good faith and fair dealing. Defendant State Farm materially breached the implied covenant of good faith and fair dealing when it failed (i) to fairly and timely evaluate Plaintiff's injuries;

8

(ii) to determine the extent and permanency of those injuries; (iii) to calculate and consider the past and future medical bills and treatment Beatrice would likely require; (iv) to have a licensed physician consider and evaluate her present and future pain and suffering; (v) to consider the value of the quality and enjoyment of her life; (vii) to unconditionally tender the undisputed portion of the policy; (vii) to tender monies that belonged to the Plaintiff after State Farm determined that the Plaintiff had submitted bills that were in excess of the policy limits; and (viii) to fully and fairly compensate the Plaintiff for the injuries that were sustained by tendering the coverage limits.

34. As a direct and proximate result of the tortious breach of the implied covenant of good faith and fair dealing by Defendants, and each of them, in the manner herein alleged, Plaintiff sustained physical, emotional and financial damages, mental distress, anguish, humiliation and indignity, as well as the loss of enjoyment of her life, in an amount in excess of Ten Thousand Dollars ($10,000.00). When such amount has been fully and finally determined, Plaintiff will seek leave to amend the Complaint accordingly.

35. As a further proximate result of the tortious breach of the implied covenant of good faith and fair dealings by Defendants, and each of them, in the manner herein alleged, Plaintiff has incurred, and will continue to incur, medical and related expenses. The full amount of such expenses is not known at this time. When such amount has been determined, Plaintiff will seek leave to amend the

9

Complaint accordingly.

36. The actions of Defendants, and each of them, in the manner described above, were of such a nature as to be oppressive, outrageous, wanton and in willful, conscious, and reckless disregard for the rights, safety and physical well-being of the Plaintiff, with deliberate intent to injure the Plaintiff, for which she seek the additional award of punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00), to be determined by the jury.

## III
## THIRD CAUSE OF ACTION
**(Violation of Nevada's Unfair Practices Act - NRS 686A.310)**

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of her Complaint as though set forth in full herein, and incorporates them by reference.

38. In Nevada, all insurance companies doing business in this state must fully comply with the provisions set forth in NRS 686A.310, and its related subsections, which govern the method and manner in which insurance carriers are required to handle claims.

39. Under these detailed rules and regulations, each of the following activities constitutes "an unfair practice," which State Farm materially violated during the handling of this claim:

    (1) Subsection (a):

        "Misrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue."

    (2) Subsection (b):

        "Failing to acknowledge and act reasonably promptly upon

10

communications with respect to claims arising under insurance policies."

(3) Subsection (c):

"Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies."

(4) Subsection (e):

"Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insured has become reasonably clear."

(5) Subsection (f):

"Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered."

(6) Subsection (g):

"Attempting to settle a claim by an insured for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application."

(7) Subsection (k):

"Delaying the investigation or payment of claims by requiring an insured or a claimant, or the physician of either, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information."

(8) Subsection (n):

"Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of his claim or for an offer to settle or compromise his claim."

40. In addition to the material breaches of its ongoing duty to the Plaintiff in the manner set forth above, State Farm failed to

11

consider Plaintiff's current medical expenses and the future medical treatment she required, which were based on objective findings by a Board Certified doctor. Instead, State Farm, through its non-medically trained adjuster, declared (i) that her injuries were unrelated; and (ii) that this was a low impact collision which could not have caused her injuries, even though State Farm had never had a licensed physician review the medical records, the MRI and the various diagnostic reports.

41. As a direct and proximate result of Defendant State Farm's material breaches of NRS 686A.310, in the manner described above, Plaintiff has been generally and specially damaged, in the same manner previously set forth in the causes of action above, in a sum in excess of Ten Thousand Dollars ($10,000.00) and will seek leave of Court to amend when these amounts have been fully and finally ascertained.

42. As a direct and proximate result, Plaintiff sustained physical, emotional and financial damages, mental distress, anguish, humiliation and indignity, as well as the loss of enjoyment of her life, in an amount in excess of Ten Thousand Dollars ($10,000.00). When such amount has been fully and finally determined, Plaintiff will seek leave to amend the Complaint accordingly.

43. As a further proximate result of the repeated violations of NRS 686A.310, Plaintiff has incurred, and will continue to incur, medical and related expenses. The full amount of such expenses is not known at this time. When such amount has been determined,

12

Plaintiff will seek leave to amend the Complaint accordingly.

44. The actions of Defendants, and each of them, in the manner described above, were of such a nature as to be oppressive, outrageous, wanton and in willful, conscious, and reckless disregard for the rights, safety and physical well-being of the Plaintiff, with deliberate intent to injure the Plaintiff, for which she seek the additional award of punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00), to be determined by the jury.

## IV
## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44 of her Complaint as though set forth in full herein, and incorporate them by reference.

46. Given Defendant State Farm's continued refusal to properly evaluate its insured's claims and injuries, and to tender the UM/UIM coverage limits, an actual controversy has arisen and exists between Plaintiff and the Defendant regarding the respective rights and obligations under the insurance policies.

47. Plaintiff therefore respectfully requests a judicial determination of all relevant rights, obligations, payments, and duties owed under the insuring agreement for Plaintiff's claims and causes of action.

48. As a result of the above describe acts, omissions and controversy, Plaintiff has been required to retain legal counsel to prosecute this action and is therefore entitled to reasonable

13

attorney's fees and costs therefore.

WHEREFORE, Plaintiff, expressly reserve her right to amend this Complaint to include all items of damages not yet ascertained, and to pursue additional insurance bad faith claims and causes of action, if necessary, hereby prays for damages against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. General damages in a sum exceeding Ten Thousand Dollars ($10,000); and
2. Special damages in a sum exceeding Ten Thousand Dollars ($10,000).

### SECOND CAUSE OF ACTION

1. General damages in a sum exceeding Ten Thousand Dollars ($10,000);
2. Special damages in a sum exceeding Ten Thousand Dollars ($10,000); and
3. Punitive damages in accordance with proof at the time of trial.

### THIRD CAUSE OF ACTION

1. General damages in a sum exceeding Ten Thousand Dollars ($10,000);
2. Special damages in a sum exceeding Ten Thousand Dollars ($10,000); and
3. Punitive damages in accordance with proof at the time of trial.

///

14

### FOURTH CAUSE OF ACTION

1. General damages in a sum exceeding Ten Thousand Dollars ($10,000); and
2. Special damages in a sum exceeding Ten Thousand Dollars ($10,000).

### ALL CAUSES OF ACTION

1. Costs and disbursements necessitated by this legal action;
2. Reasonable attorney fees;
3. Prejudgment interest, including interest pursuant to NRS 99.040 at the legal rate, from date of service of process until the judgment has been fully collected; and
4. For all other and further relief as the Court finds just and proper.

DATED this 12th day of June, 2018.

EDWARD J. ACHREM & ASSOCIATES, LTD.

/s/ Edward Achrem

Edward J. Achrem, Esq.
Nevada Bar No.: 2281
512 South Tonopah, Ste. 100
Las Vegas, NV  89106
Counsel for Plaintiff

docs\lgl\complaint.al

15